UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL GROSS,

        Plaintiff,

    v.

FCI HERLONG, et al.,

        Defendants.

No. 2:17-cv-02566 CKD P

ORDER

Plaintiff is a federal prisoner proceeding pro se in an action filed pursuant to the Federal Tort Claims Act ("FTCA") and <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1] Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the motion to proceed in forma pauperis will be granted. ECF No. 2.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and

---

[1] Under <u>Bivens</u>, individual federal employees may be sued for violating a plaintiff's constitutional rights.

1

forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). To the extent that plaintiff indicated that he has directed the Bureau of Prisons to issue a cashier's check for the filing fee, any check received by the Clerk of Court will be applied to the filing fee for this civil action.

**I.     Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

U.S. 232, 236 (1974).

## II. Motion to Amend

Before the court could screen plaintiff's complaint filed on December 7, 2017, plaintiff filed a motion to amend along with a proposed first amended complaint that is currently pending before the court. See ECF Nos. 8, 9. Pursuant to Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within 21 days after serving it…." Since the original complaint has not yet been served, the court will grant plaintiff's motion to amend and proceed to screen the first amended complaint filed on May 11, 2018.

## III. First Amended Complaint

Plaintiff's first amended complaint asserts claims under Bivens and the Federal Tort Claims Act. ECF No. 9. Plaintiff names one nurse, two health care administrators with the Bureau of Prisons, the Warden at FCI-Herlong, and the United States of America as defendants in this action.[2] Plaintiff alleges that these defendants denied and/or delayed him proper medical treatment for his right eye beginning in August of 2015 that ultimately led him to become legally blind due to a detached retina. Plaintiff's vision loss was unable to be restored after several surgeries on his right eye. Plaintiff continues to experience dry eye problems as well as headaches stemming from the failure to timely treat his right eye condition.

Plaintiff's first amended complaint states a cognizable claim for deliberate indifference to a serious medical need under the Eighth Amendment and 28 U.S.C. § 1915A(b) against defendants Nurse T. Tabor, Health System Administrator McCoy, and Health System Administrator Tuttle.

## IV. Supervisory Liability

Insofar as plaintiff is attempting to bring suit against defendant Felicia Ponce in her supervisory role as Warden of FCI-Herlong, he is prohibited from doing so based on the allegations in the first amended complaint. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat

---

[2] See F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998) (per curiam) (holding that the United States is the only proper defendant in a suit brought pursuant to the Federal Tort Claims Act).

3

superior. Ashcroft v. Iqbal, 556 U.S. 662, 676–77 (2009); Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970). Plaintiff must link defendant Warden Felicia Ponce either by direct conduct in the constitutional violation or to implementation of a specific policy that led to the violation of plaintiff's constitutional rights. Id. Merely informing the warden of the constitutional violation after it happened, as plaintiff alleges, is insufficient to establish her civil liability. Accordingly, the court finds that the allegations in the first amended complaint fail to state a cognizable claim against defendant Felicia Ponce.

**V.     Federal Tort Claims Act**

"[T]he district courts… have exclusive jurisdiction of civil actions on claims against the United States, for money damages… for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The Federal Tort Claims Act ("FTCA") provides that the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

////

////

4

Plaintiff alleges an Eighth Amendment deliberate indifference claim against the United States under the FTCA.[3] However, the United States is not liable under the FTCA for constitutional tort claims. F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994) (explaining that "[b]y definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right"). The FTCA "makes the United States liable 'in the same manner and to the same extent as a private individual under like circumstances.'" United States v. Olson, 546 U.S. 43, 46 (2005) (emphasis removed) (quoting 28 U.S.C. § 2674). "The law of the place in § 1346(b) has been construed to refer to the law of the state where the act or omission occurred. Thus, any duty that the United States owe[s] to plaintiff[] must be found in California state tort law." Delta Sav. Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001) (internal citations and quotation marks omitted). Plaintiff is not alleging any state law tort claim against the United States. His claim is grounded in the Eighth Amendment standard for deliberate indifference to a serious medical need. For this reason, the court finds that plaintiff has failed to state a cognizable FTCA claim against the United States based on the allegations in the first amended complaint.

**VI.     Leave to Amend**

For the reasons set forth above, the court finds that the only cognizable claim in the first amended complaint is an Eighth Amendment deliberate indifference to serious medical needs claim against defendants Nurse T. Tabor, Health System Administrator McCoy, and Health System Administrator Tuttle. However, it appears that plaintiff may be able to allege facts to remedy the deficiencies with respect to the remaining claims against the additional two defendants. Plaintiff will be given 30 days from the date of service of this order to amend his complaint to cure the deficiencies set forth above if he so chooses. Plaintiff is not required to file a second amended complaint, and may instead choose to proceed with service of process on the

---

[3] The court notes that plaintiff has alleged and submitted documentation indicating that he submitted a claim to the Federal Bureau of Prisons, which was denied. Thus, plaintiff has sufficiently alleged that he satisfied the administrative exhaustion requirements of 28 U.S.C. § 2675(a). Accordingly, the court does not find it necessary to discuss the FTCA's administrative exhaustion requirement.

5

Eighth Amendment claims against defendants Nurse T. Tabor, Health System Administrator McCoy, and Health System Administrator Tuttle.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Eighth Amendment deliberate indifference claim against defendants Nurse T. Tabor, Health System Administrator McCoy, and Health System Administrator Tuttle, the court will send him the necessary forms for service of the complaint. A decision to go forward without amending the complaint will result in a recommendation that all the other claims against the additional defendants be dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VII.     Plain Language Summary for a Pro Se Litigant**

Since you are acting as your own attorney in this case, the court wants to make sure that you understand this order. The following information is meant to explain this order in plain

English and is not intended as legal advice.

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. The court has also granted your motion to amend the complaint. Some of the allegations in the first amended complaint state claims against the defendants and some do not. Your allegations against defendants Nurse T. Tabor, Health System Administrator McCoy, and Health System Administrator Tuttle state a claim for relief which can proceed. The claim against defendant Warden Felicia Ponce do not state a claim because you have not explained how she was personally involved in the violation of your rights or how she created or implemented an official policy that led to the violation. To proceed with a FTCA claim against the United States there must be a state law tort alleged.

You can either (1) proceed immediately on your claim against defendants Nurse T. Tabor, Health System Administrator McCoy, and Health System Administrator Tuttle; or (2) try to amend the complaint to fix your claims against the remaining defendants. If you want to go forward without amending the complaint, the undersigned will recommend dismissing all of your claims against the remaining defendants.

If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. Any claims and information not in the second amended complaint will not be considered. You must complete the attached notification showing what you want to do next and return it to the court within twenty-one days from the date of this order. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or complete and return service paperwork).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Federal Correctional Institution filed concurrently herewith.

    3. Plaintiff's motion to amend the complaint, ECF No. 8, is granted.

    4. Plaintiff has the option to proceed immediately on his Eighth Amendment deliberate indifference claims against defendants Nurse T. Tabor, Health System Administrator McCoy, and Health System Administrator Tuttle, or to amend the complaint.

    5. Within twenty-one days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened first amended complaint or whether he wants to file a second amended complaint.

Dated: May 21, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/gros2566.1.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MICHAEL GROSS, | No. 2:17-cv-02566 CKD P |
|---|---|
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON |
| FCI HERLONG, et al., | HOW TO PROCEED |
| Defendants. | |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment deliberate indifference claims against defendant Nurse T. Tabor, Health System Administrator McCoy, and Health System Administrator Tuttle.

\_\_\_\_\_ Plaintiff wants time to file a second amended complaint.

DATED:

_____
Plaintiff

1